Minshall, J.
The question in this case relates to the validity of an assessment made upon property for the cost of an improvement. From the averments of his answer and cross-petition it appears that the assessment made upon each lot of Walsh is in excess of its entire value. That each lot would not before, or since, the improvement, have sold for enough to pay the assessment upon it. That they have, in fact, been offered and returned not sold and forfeited to the State. He in no way promoted the proceeding and is not, therefore, precluded from *24 making the question as to the validity of the assessment.
Upon the admitted averments of the pleading the naked question here presented is, whether an assessment may be made upon the property of an owner for the cost of a public improvement, that is not only in excess of the benefits conferred on it, but of its-value with the benefits added by the improvement. We do not think this can be done where the party complaining in no way promoted the improvement. By no refinement of reasoning can it be construed to be anything else than the taking of private property for public use without compensation. According to the best considered of the modern cases and the most reliable authorities, an assessment, being sustainable only on the theory of special benefits conferred on the land by the improvement over those received by the general public, is necessarily limited to the value of the benefits so conferred. The value of the entire benefits so conferred may be assessed upon the land for the cost of the improvement; more,, however, cannot be exacted, without impairing the inviolabiilty of private property, guaranteed by the constitution, or in other, if not more appropriate words, confiscating it.
In a recent case decided by the supreme court of the United States, Norwood v. Baker, 172 U. S., 269, 279, it said in the opinion: “The exaction from the owner of private property of the cost of a public improvement in substantial excess of the benefits accruing to him is, to the extent of such excess, a taking under the guise of taxation, of private property for public use without compensation. We say “substantial excess,” because exact equality of taxation is not always attainable, and for that reason the excess of cost over specific benefits, unless it *25 be of a material character, ought not to be regarded by a court of equity when its aid is invoked to restrain the enforcement of a special assessment.”' Judge Dillon, after referring to the earlier cases which generally concede to the legislature the-power to determine what property is benefited and the extent to which it might be assessed, and hold that the courts have no control over the discretion of the legislature in this regard, says: “But since the-period when express provisions have been made in many of the St,ate constitutions, requiring uniformity and equality of taxation, several courts of great respectability, either by force of this requirement or in the spirit of it, and perceiving that special ienefits actually received by each parcel of contributing property, was the only principle on which such assessments can justly rest, and that any other rule is unequal, oppressive, and arbitrary, have denied the unlimited scope of legislative discretion and power, and asserted what must on principle be regarded as the just and reasonable doctrine, that the cost of a local improvement can be assessed upon particular property only to the extent that it is specially benefited; and since the excess beyond that is a benefit to the municipality at large, it must be borne by the general treasury.” The cases are cited in the note of the learned author. See, also, Cooley on Taxation, (2d ed.) 661. Chamberlain v. Cleveland, 34 Ohio St., 557.
No one of the states has, by its constitution, more carefully guarded the powers of taxation and assessment than Ohio. Indeed there is in our constitution a special mandate to the legislature to restrict these powers as conferred on municipalities so as to prevent their abuse. Article 13, section 6.
The improvement.in this case was made under *26 what is known as the Taylor law, applicable only to cities of the grade of the class to which Columbus belongs. There existed at the time a general provision, section 2270, Revised Statutes, which limited assessments made by cities of the grade of Columbus to 25 per cent, of the value of the property as returned for taxation. By an amendment made shortly after the adoption of the Taylor law, it was enacted that this section, limiting assessments, should not apply to improvements made under that law. The law with the amendment was held valid in Parsons v. Columbus, 50 Ohio St., 460. Had the application of section 2270 to the Taylor law not been removed, the question presented in this case could hardly have arisen, or would have been of such a shadowy character as to be beyond judicial cognizance. Whether it was wise in the legislature to have removed the application of this section to the Taylor law, is ho part of our duty to consider. We will not, however, presume that the legislature intended to adopt an invalid law, and will give it such a construction as will support it, if that can reasonably be done consistently with its provisions. It is fair to presume that in removing the limitation of this section, it was not the intention of the legislature to permit the city to disregard the fundamental principle which limits an assessment for benefits to the extent of the benefits conferred by the improvement on the land. There is no provision of the law which would indicate this. It must, therefore, be held that all assessments under this law must be limited to the benefits conferred, or, it must follow that the legislature designed a palpable invasion of the rights of private property, which is not admissable. In other words, in authorizing an assessment to pay for improvements under the law, the legislature *27 had special reference to such assessments as would be no more than the proper proportion of the costs based on the benefits received.
The judgment must be reversed and cause remanded for further proceeding. And here it is proper to say, that if the facts stated in the pleading of Walsh are found to be true, the city is entitled to have a sum assessed upon each lot substantially equivalent to the special benefits conferred on it by the improvement, unless such sum has already been paid. In ascertaining this sum, the special benefits conferred on each lot as distinguished from those common to the public, are alone to be considered.

Judgment reversed.